```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------  X
                                                                        :
UNITED STATES OF AMERICA                                                :   17-CR-434 (ARR)
                                                                        :
                                                                        :   NOT FOR ELECTRONIC
         -against-                                                      :   OR PRINT PUBLICATION
                                                                        :
JOSE MIGUEL MELENDEZ-ROJAS, JOSE                                        :
OSVALDO MELENDEZ-ROJAS, ROSALIO                                         :   OPINION & ORDER
MELENDEZ-ROJAS, FRANCISCO                                               :
MELENDEZ-PEREZ, FABIAN REYES-ROJAS,                                     :
and ABEL ROMERO-MELENDEZ,                                               X

                           Defendants.

----------------------------------------------------------------------
```

ROSS, United States District Judge:

Defendants Jose Miguel Melendez-Rojas, Jose Osvaldo Melendez-Rojas, Rosalio Melendez-Rojas, Francisco Melendez-Perez, Fabian Reyes-Rojas, and Abel Romero-Melendez operated a trafficking organization in which they transported women and girls from Mexico to the United States, where they forced their victims into sex work. Defendants have been convicted of various crimes stemming from this operation, including alien smuggling, sex trafficking, and transportation and trafficking of minors. At their sentencing hearings, I ordered the defendants to pay restitution to the victim or victims they were convicted of trafficking or smuggling, setting an amount specific to each victim based on the estimated income defendants received from her forced labor and, where this information was available, the losses she suffered from working for defendants. One of the victims, Delia, has filed a motion requesting that I reconsider my restitution orders relating to her.

Though "[t]he standard to be applied in deciding reconsideration motions in criminal cases has not been clearly established," courts in this circuit generally apply "the Local Rule 6.3 standard

1

for motions for reconsideration in civil cases." *United States v. Zedner*, No. 06-cr-717 (ADS), 2006 WL 6201757, at *3 (E.D.N.Y. Nov. 17, 2006) (citation and quotation marks omitted); *see also, e.g.*, *United States v. Reichberg*, No. 16-cr-468 (GHW), 2018 WL 6599465, at *8 (S.D.N.Y. Dec. 14, 2018). This standard is strict, as "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Specifically, the moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *United States v. Almonte*, No. 14-cr-86 (KPF), 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014) (quoting *Schrader v. CSX Trans. Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reichberg*, 2018 WL 6599465, at *8 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Delia first argues that I undercounted the number of months she was trafficked in calculating the income defendants received from her labor, claiming that the record establishes that she was "trafficked for approximately [forty-two] months." This argument is without merit. As I made clear at the sentencing hearings, in my restitution orders I adopted the time periods Delia submitted in her restitution memorandum and based my calculations on "the forty-two months [Delia] worked for the defendants." Delia now urges me to "include the entire duration of her victimization in determining the gross amount" she is owed, but I have already done so.

Delia next claims that my restitution order omitted $53,900 in medical expenses that she has incurred as a result of her trafficking. Delia is mistaken on this issue. The Judgement of each

defendant convicted of trafficking Delia—Jose Osvaldo Melendez-Rojas, Jose Miguel Melendez-Rojas, Rosalio Melendez-Rojas, and Francisco Melendez-Perez—states that the defendant is jointly and severally liable for $642,150 in restitution to her. In the sentencing hearings, I explained that this figure is the sum of $53,900 for her medical expenses and $588,250 for defendants' gross income from her labor. Though the Judgments do not include this breakdown, the $642,150 sum incorporates the $53,900 in medical expenses Delia seeks.

Delia's third argument is that I erred in awarding her only half of the estimated amount of money earned over the time she worked defendants. As I explained at sentencing, I based this decision on the language of 18 U.S.C. § 1593, which provides for restitution for the "gross income or value *to the defendant[s]* of the victim's services." (emphasis added). Because Delia gave just half of the money she earned to defendants while giving the other half directly to the drivers who transported her to and from clients, I found that defendants' gross income—the money they received—from her labor was half of the $1,1760,500 total she made.[1] Delia disagrees with my conclusion, arguing that I should have ordered defendants to pay the full amount.[2] But Delia does not point to any "controlling decisions or data that [I] overlooked, nor does she establish that I made a "clear error" in my decision. *Almonte*, 2014 WL 3702598, at *1. Rather, her argument is based on her disagreement with my interpretation of § 1593 and of two circuit court cases—neither of which is controlling, *see Hastings Dev., LLC v. Evanston Ins. Co.*, No. 14-cv-6203, 2016 WL 3632708, at *4 (E.D.N.Y. June 29, 2016) (collecting cases for the proposition that unpublished

---

[1] Delia claims that the total is $ 1,663,000, but I find no support for this number.

[2] Though the government in its sentencing memorandum urged me to deduct the amount Delia and the other victims paid the drivers from my restitution calculations, after Delia filed the present motion the government submitted its own letter changing its position and arguing that "the gross income or value" under 18 U.S.C. § 1593 is "the full amount [the victims] earned" in their work for defendants.

summary orders "do not represent an intervening change of controlling law that warrant[s] reconsideration" (citation and quotation marks omitted)), both of which I considered in making my restitution determination, and one of which, *United States v. Williams*, 5 F.4th 1295 (11th Cir. 2021), I specifically discussed at the sentencing hearings.[3] While Delia is free to disagree with my findings, this disagreement does not meet the standard for a motion for reconsideration.

Finally, Delia argues that Abel Romero-Melendez and Fabian Reyes-Rojas, who were not convicted of trafficking her but who were convicted of sex trafficking conspiracy, should also be held jointly and severally liable for her restitution. Delia's final argument suffers the same problem as her third. Though she offers the conclusory contention that "pursuant to [§ 1593]" Mr. Romero-Melendez and Mr. Reyes-Rojas "should be held jointly and severally liable," she does not explain why § 1593 demands this outcome, nor does she point to any controlling caselaw or any evidence I overlooked. I therefore reject her argument.

For the foregoing reasons, I deny Delia's motion for reconsideration.

SO ORDERED.

                                                            /s/
                                                            Allyne R. Ross
                                                            United States District Judge

Dated:        March 29, 2022
               Brooklyn, New York

---

[3] The other case, *United States v. Mammedov*, 304 F. App'x 922 (2d Cir. 2008) seems only tangentially related to Delia's argument: she cites it for the proposition that victims covered by § 1593 are entitled to restitution "notwithstanding that their earnings came from illegal conduct" (which is not at issue here) and for its recitation of the language of § 1593.

4